## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| CLABORN COLBERT, | * |
|     Petitioner, | * |
| |     CASE NO. 4:07-CV-72 CDL |
| v. | *     Rule 60(b)Motion |
| |     CASE NO. 4:93-CR-19-2 CDL |
| UNITED STATES OF AMERICA, | * |
|     Respondent. | * |

## REPORT AND RECOMMENDATION

By Superseding Indictment returned in this Court on October 14, 1993 (R-12), Petitioner Claborn Colbert and a co-defendant were charged with First Degree Murder, Kidnapping, and Use of a Firearm in the Commission of the Crimes of Murder and Kidnapping. On February 22, 1994, Petitioner Colbert entered into a Plea Agreement with the Government and pled guilty to those charges. He was sentenced on June 30, 1994, to a total term of 420 months imprisonment (R-35). He appealed his conviction and sentence and the same were affirmed by the United States Court of Appeals for the Eleventh Circuit on February 16, 1996 (R-38). Petitioner then filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 on April 24, 1997 (R-39), which was denied on March 9, 2000 (R-46). Petitioner Colbert did not appeal the denial of his motion.

After more than seven years, Petitioner Colbert filed on April 25, 2007, the pleading presently in question which he captioned as "Motion To Vacate Judgment Pursuant to Fed. R. Civ. Proc. Rule 60(b)(4)&(6)." (R-47 with attachments) He seeks to have his conviction and sentence vacated on four claims, to wit.: that he was incompetent due to medications

being taken for migraine headaches and sleeping problems in 1994 to enter a guilty plea to the crimes committed; that the prosecutor misrepresented facts in the autopsy report; that he is "factually innocent" because he only participated in the crime out of fear of his co-defendant; and that his counsel was ineffective.

## Conclusions of Law

In *Gonzalez v. Crosby,* 545 U.S.524, 125 S.Ct. 2641 (2005), the Court ruled that pleadings labeled as Rule 60(b) motions that are in substance successive habeas petitions "should be treated accordingly," and that using Rule 60(b) to present new claims for relief from judgment circumvents statutory requirements "that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.,* at 2647. The *Gonzalez* Court held that if a Rule 60(b) motion contains one or more "claims," the motion is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to AEDPA's restrictions on successive habeas petitions would be "inconsistent with" the statute. A Rule 60(b) motion can be said to bring a "claim" if it seeks to add a new ground for relief from the defendant's conviction or attacks the federal court's previous resolution of a claim on the merits. *Id.*

Inasmuch as his Rule 60(b) motion continues to raise substantive claims, it is unauthorized and subject to dismissal as a second and successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. "Federal prisoners seeking to file a second or successive Motion To Vacate, Set Aside, or Correct his Sentence must move the court of appeals for an order authorizing the district court to consider the second or

successive motion." *In re Joshua,* 224 F.3d 1281, (11th Cir. 2000). In *Farris v. United States,* 333 F.3d 1211 (11th Cir. 2003), the Court held:

> Pursuant to Rule 60(b), the district court may relieve a party from a final judgment, order, or proceeding based on newly discovered evidence. *See* Fed.R.Civ.P. 60(b)(2). We have concluded, nevertheless, that the AEDPA's successive-petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief. *See In re Medina,* 109 F.3d 1556 (11th Cir. 1997); *see also Felker v. Turpin,* 101 F.3d 657, 661(11th Cir. 1996) (Rule 60(b) cannot be used to circumvent restraints on successive-habeas petitions.) . . . *Felker* established a "bright line rule" that the successive petition restrictions in § 2244(b) apply to all Rule 60(b) motions filed by habeas petitioners. . . . Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th Cir. 1997).

*Id.* at 1216. Petitioner Colbert's misuses Rule 60(b) seeking to vacate his conviction and sentence, intending to circumvent both the AEDPA time-bar and the second or successive petition authorization-requirement. This court lacks jurisdiction to entertain his motion and the same should be dismissed.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Colbert's "Motion To Vacate Judgment Pursuant to Fed. R. Civ. Proc. Rule 60(b)(4)&(6)" be DISMISSED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 7th day of August 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE